Filed 8/20/25  P. v. Jackson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

DERWIN JULES JACKSON,

    Defendant and Appellant.

E083150

(Super. Ct. No. FSB11452)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Gregory S. Tavill, Judge.  Affirmed.

William Paul Melcher, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, James M. Toohey, and Andrew Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

1

I.

INTRODUCTION

After several previous appeals,[1] Defendant and appellant, Derwin Jules Jackson, appeals from the trial court's post-judgment orders on January 12, 2024. Defendant contends the trial court erred by failing to evaluate whether his prior conviction qualified as a strike under *People v. Gallardo* (2017) 4 Cal.5th 120 (*Gallardo*). Defendant also contends the trial court erred in denying his *Romero*[2] motion and in summarily denying his petition for resentencing under Penal Code section 1172.6.[3]

We conclude defendant forfeited his *Gallardo* challenge because he did not raise it during the resentencing hearing. We also conclude the trial court did not err during resentencing in denying defendant's *Romero* motion and section 1172.6 resentencing petition. The post-judgment order entered on January 12, 2024, is therefore affirmed.

---

[1] Defendant's and the People's prior appeals include *People v. Jackson* (1999) 72 Cal.App.4th 1520, case nos. E021188, E022053; *People v. Jackson* (July 21, 2020, E072766) [nonpub. opn.]; *People v. Jackson* (Oct. 1, 2020, E073934) [nonpub. opn.]; *In re Jackson* (Oct. 13, 2020, E072464) [nonpub. opn.] (appeal filed by the People); and *In re Jackson* (Mar. 21, 2023, E0072464) [nonpub. opn.] (on remand from the CA Supreme Court).

[2] *People v. Superior Court* (*Romero*) (1963) 13 Cal.4th 497.

[3] Unless otherwise noted, all statutory references are to the Penal Code.

2

## II.

## FACTUAL AND PROCEDURAL BACKGROUND[4]

In 1997, defendant and co-defendant Roderick Blackburn were charged with two counts of murder (§ 187, subd. (a); counts 1 & 2). Defendant was convicted of second degree murder on both counts, and the jury found true the allegation that a principal was armed with a handgun when committing the murders (§ 12022, subd. (a)(1)). (*People v. Jackson*, *supra*, E072766.) In a bifurcated proceeding, the trial court found true that defendant had suffered a prior serious or violent felony strike conviction. (*People v. Jackson*, *supra*, E072766.)

Defendant was sentenced in January 1998 to 62 years to life, consisting of 15 years to life on each murder count, doubled to 30 years to life due to the prior strike conviction, plus one year for each firearm enhancement. He was also ordered to pay $10,000.00 in restitution. (*People v. Jackson*, *supra*, E072766.) Defendant appealed, and on June 23, 1999, this court affirmed the judgment in all material respects. (*People v. Jackson*, *supra*, 72 Cal.App.4th 1520.) Defendant subsequently filed several habeas petitions and appeals in this case. The People also filed an appeal.[5]

In August 2018, defendant filed a habeas petition in the trial court, which the trial court granted on March 15, 2019, and ordered resentencing. On April 9, 2019, the People

---

[4] A more detailed statement of this case's factual and procedural background is included in *In re Jackson*, *supra*, E072464 and *People v. Jackson*, *supra*, E073934.

[5] See list of defendant's and the People's prior appeals in footnote 1.

appealed, without requesting a stay of the March 15, 2019, order. (*In re Jackson*, *supra*, E072464.)

After defendant was resentenced, defendant appealed. On July 21, 2020, this court affirmed the judgment, but remanded the case for resentencing, to allow the trial court to exercise its discretion on whether to strike the firearm enhancements and to allow a hearing on defendant's ability to pay the restitution fine, fees, and assessments imposed by the trial court. (*People v. Jackson*, *supra*, E072766.)

Defendant filed another appeal from a post-judgment order denying on October 11, 2019, his first petition for resentencing under section 1170.95. (*People v. Jackson*, *supra*, E073934.) On October 1, 2020, this court affirmed the trial court's ruling denying defendant's first resentencing petition. (*People v. Jackson*, *supra*, E073934.)

On October 13, 2020, this court also affirmed the trial court's order on March 15, 2019, in which we concluded that the trial court did not err in applying *Gallardo*, *supra*, 4 Cal.5th 120, retroactively to determine if defendant's prior conviction qualified as a strike. There was no discussion of the section 1170.95 resentencing petition in the appeal. (*In re Jackson*, *supra*, E072464.)

The People petitioned for review in the California Supreme Court of this court's October 13, 2020, decision. On December 23, 2020, the California Supreme Court granted review and deferred action pending its decision in *In re Milton* (2022) 13 Cal.5th 893. The Supreme Court dismissed review, and on November 9, 2022, the Supreme

Court transferred the matter back to this court, ordering it to vacate its original opinion and reconsider its decision in light of *Milton.* (*In re Jackson*, *supra*, E072464.)

On March 21, 2023, this court vacated its October 13, 2020, decision, as ordered by the Supreme Court, "reconsidered [defendant's] appeal in light of *Milton*," and reversed the trial court's previous order. (*In re Jackson*, *supra*, E072464.)

Upon remand, on September 23, 2023, and January 12, 2024, the trial court conducted a full resentencing hearing. On January 12, 2024, the trial court denied defendant's *Romero* motion and resentenced him to 60 years to life in prison. Defendant was ordered to pay a $200 restitution fine, and the court ordered his second resentencing petition stricken because the issue was decided by the first petition.

On January 29, 2024, defendant again appealed.

III.

WHETHER PRIOR CONVICTION QUALIFIES AS A STRIKE

Defendant maintains the trial court conducted a full resentencing hearing on January 12, 2024, which permitted the trial court to revisit all prior sentencing decisions when resentencing him. Applying the full resentencing rule, defendant argues he was restored to his original position as if he had never been sentenced and the trial court could reconsider all of its sentencing choices. We agree. (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425 ["the full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant"].)

5

Defendant further argues that when the trial court conducted the resentencing hearing, it erred in failing to evaluate whether his 1992 prior qualified as a strike under the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12).  "Under sections 667, subdivisions (b)-(j), and 1170.12, a '"serious felony" conviction is . . . a prior strike for purposes of the Three Strikes law . . . .'"  (*In re Milton* (2019) 42 Cal.App.5th 977, 984-985, quoting *Gallardo*, *supra*, 4 Cal.5th at p. 125.)  We conclude defendant forfeited his contention that his prior does not qualify as a strike by not raising it during the resentencing hearing.

During the resentencing hearing on January 12, 2024, the trial court denied defendant's *Romero* motion requesting the court to strike his 1992 prior.  Defendant asserts that, during the most recent resentencing hearing, the trial court failed to reevaluate whether his prior for violating section 246 qualified as a strike under *Gallardo*, *supra*, 4 Cal.5th 120.  Defendant argues that the record does not support finding that his prior qualified as a strike, and therefore the strike should have been stricken.

The California Supreme Court in *Gallardo*, *supra*, 4 Cal.5th 120, held in 2017 that, when determining whether a prior conviction is a serious felony for purposes of increasing a sentence, the trial court is limited to "those facts that were established by virtue of the conviction itself—that is, facts the jury was necessarily required to find to render a guilty verdict, or that the defendant admitted as the factual basis for a guilty plea."  (*Id*. at p. 136; see also *id*. at p. 134.)  The court in *Gallardo* thus concluded the trial court in *Gallardo* had engaged in constitutionally prohibited factfinding by looking

beyond the defendant's record of conviction to find that a prior conviction qualified as a strike. (*Id*. at pp. 134-137.)

The People argue defendant forfeited his argument that under *Gallardo* his prior did not qualify as a strike. We agree, because defendant did not raise this objection in the trial court during the resentencing hearing on January 12, 2024. (*People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 464; *People v. Partida* (2005) 37 Cal.4th 428, 434-435; *People v. De Soto* (1997) 54 Cal.App.4th 1, 10.) "Parties are required to raise certain issues at the time of sentencing; the lack of a timely and meaningful objection results in forfeiture of the claim." (*People v. Brannon-Thompson*, *supra*, at p. 464.) "Having raised no specific objections at the time of sentencing, the defendant did not give the trial court a genuine opportunity to correct any errors it may have made. As such, he waived his right to raise the claims on appeal." (*People v. De Soto*, *supra*, at p. 10.)

Here, unlike in *Gallardo*, during the most recent resentencing hearing, defendant did not argue that his prior conviction did not qualify as a strike. Rather, defendant urged the trial court to exercise its discretion to "strike the arming enhancement and under *Romero* to strike the prior strike." Defendant argued the prior should be stricken under *Romero* based on factors such as it was unclear from the record of conviction that he was actually armed with a weapon during the *charged* offense, and also that the court should take into account his post-offense rehabilitation during his 27 years of incarceration and that he did not commit any new violations of the law.

7

The prosecutor responded that there were no compelling reasons to strike either the strike or the firearm enhancement. During the charged offense, Blackburn shot and killed two teenage boys for no apparent reason other than because he hated Mexicans, and defendant encouraged Blackburn to do so. The prosecutor added that defendant had never taken responsibility for his role in those murders. Furthermore, defendant committed the prior strike, consisting of a freeway shooting, shortly after having been released from prison. The prosecutor concluded that it would therefore be inappropriate to strike the prior or the enhancement.

Defendant responded that the record indicated that Blackburn was the actual shooter in the charged offense, not defendant, who did not possess a firearm. The court stated that the record showed that defendant encouraged Blackburn to shoot the victims because they were Hispanic. Defendant responded that defendant had also been incarcerated for over 27 years and that, "with the Court exercising its discretion, what is fair what is the just disposition of this case, the fact that it was Mr. Blackburn that was the actual shooter, there's no evidence that Mr. Jackson ever handled the firearm or was aware that Mr. Blackburn had a propensity to kill. Could have been simple bravado."

Although the record demonstrates that defendant urged the trial court to strike the prior under *Romero*, defendant did not argue during the resentencing hearing that the prior did not qualify as a strike. Defendant therefore forfeited the contention on appeal.

Defendant argued during oral argument that, even though on January 12, 2024, he did not object to his strike prior during the resentencing hearing, he raised the issue during the resentencing hearing on September 23, 2023. He asserts that, therefore, he did not forfeit the issue. We disagree.

Upon remand from the California Supreme Court for resentencing, the trial court set a resentencing hearing on September 23, 2023. During the September 23, 2023, hearing, defense counsel stated: "[N]ot withstanding the fact that *People versus Gallardo* was held by the Supreme Court to be not retroactive, I believe that the record of conviction is still inadequate and does not support a prior strike conviction." Defense counsel further stated that, "I believe the Court can still do an analysis in putting aside *Gallardo* in whether or not the record of conviction supports the conviction so that the sentence can be reimposed." Without ruling on the issue, the trial court responded that the jury found the prior conviction true, and the court is "stuck with that."

We agree. The prior strike was tried in a bifurcated trial, with defendant waiving the right to a jury. The trial court found there was sufficient evidence to support a finding that the section 246 conviction qualified as a prior based on the evidence, which is summarized in *In re Jackson*, *supra*, E072464. We stated in that opinion that, "here, the trial court found defendant had suffered a prior strike conviction for shooting at an occupied vehicle after a bifurcated trial on the priors. During the court trial on the priors, the prosecutor offered a variety of documents to prove the prior, such as defendant's section 969(b) packet, related certified court records from Riverside County, and a

9

fingerprint comparison between defendant's fingerprints and the prints in the 969(b) packet. The parties stipulated to defendant's identity as the one who suffered the prior conviction. The prosecutor highlighted areas of the preliminary hearing transcript demonstrating that defendant was the shooter. Defendant stipulated to the facts the prosecutor highlighted, including the prosecutor's claim that defendant 'had a handgun and shot at another vehicle' in the prior. By stipulating to his conduct of the prior strike conviction, defendant effectively admitted to the prior strike of shooting at an occupied vehicle. Furthermore, all parties believed the trial court found the prior conviction to be true, and defendant never raised the issue on direct appeal. At the outset of the sentencing hearing on January 30, 1998, the trial court noted that '[a]lso found true was a prior strike.' Defendant did not refute the statement and never challenged the actual finding. Additionally, in denying defendant's motion to strike the prior strike, the trial court specifically noted that the prior '[i]nvolves the use of a firearm,' further indicating the court found defendant's prior conduct constituted a strike. Following this discussion, the court pronounced judgment." (*In re Jackson*, *supra*, E072464.)

This court further stated in *In re Jackson*, *supra*, E072464, that, "any ambiguity in the record relates to when the trial court found the strike prior true, not whether this finding was made. . . . [B]ased on the foregoing, any error with regard to announcing the strike prior finding was harmless under the circumstances. [Citation.] The record of conviction clearly shows that defendant suffered a prior strike for shooting at an occupied

10

vehicle, and the trial court made the strike finding following a bifurcated trial on the prior." (*In re Jackson*, *supra*, E072464.)

Without further discussion on the section 246 strike prior, this court stated during the September 23, 2023, hearing that the question the court had was: "Does reinstating the original sentence qualify as a resentencing, or does it just qualify as a reverse back to the original sentence and not a resentencing in the sense of the *Buycks*[6] decision." The trial court and parties discussed whether the trial court should impose the original sentence or allow a full resentencing. The court concluded during the September hearing that there should be a full resentencing and allowed the parties to file additional briefs and documents for that purpose, with the resentencing hearing continued to January 12, 2024, for a full resentencing.

Although defendant mentioned *Gallardo* and the section 246 strike prior during the September 23, 2023, hearing, defendant did not raise *Gallardo* or object to the strike prior at the resentencing January 12, 2024, resentencing hearing, heard four months later. Defendant argues that the September 23, 2023, hearing was part of the resentencing hearing and therefore there was no forfeiture of the issue. He also argues he did not raise the issue at the January 12, 2024, hearing because at the September 2023 hearing, the trial court limited the issues to be discussed during the resentencing hearing on January 12, 2024, to the *Romero* sentencing issue. We disagree with these arguments.

---

[6] *People v. Buycks* (2018) 5 Cal.5th 857

11

The record shows that the September 23, 2023, hearing consisted of a preliminary discussion of issues relating to defendant's resentencing, with a continuance of the resentencing hearing to January. There was no actual resentencing of defendant during the September hearing. The record also shows that the court did not preclude defendant from raising, or objecting to, the strike prior during the resentencing hearing on January 12, 2024. Defendant was free to raise the issue but did not do so, thereby forfeiting it.

Even assuming defendant's strike prior objection was not forfeited, it has no merit because, as the trial court noted, it was improper for the court to relitigate whether the prior conviction qualified as a strike, because the trial court previously heard evidence during the bifurcated trial on the strike prior and found that the prior qualified as a strike. This court initially affirmed the strike prior finding in *People v. Jackson*, *supra*, 72 Cal.App.4th 1520, 1532, and consistent with that decision, we later reversed the trial court's order granting defendant's habeas petition vacating the strike prior under *Gallaro* (*In re Jackson*, *supra*, E072464), after our high court held in *Milton* that *Gallardo* does not have retroactive effect (*In re Milton*, *supra*, 13 Cal.5th 893). Again, this court upheld the strike prior.

Defendant has had many bites at the apple. This time, we conclude that, although defendant was entitled to a full resentencing (*People v. Buycks*, *supra*, 5 Cal.5th at pp. 893, 896), he was not entitled to challenge and relitigate the validity of the strike prior conviction, which was tried and found to qualify as a strike prior. (*People v. Farfan*, *supra*, 71 Cal.App.5th at p. 947; *People v. Senior* (1995) 33 Cal.App.4th 531, 535.) We

12

note *People v. Buycks*, *supra*, 5 Cal.5th 893, cited by defendant, is distinguishable because it concerns resentencing under section 1170.18, added to the Penal Code by Proposition 47,[7] which expressly provides an exception to the general rule prohibiting relitigating a final conviction (§ 1170.18, subds. (a) and (b)). Section 1170.18, subdivision (m) further provides that "[r]esentencing pursuant to this section does not diminish or abrogate the finality of judgments in any case that does not come within the purview of this section."

Defendant argues in his appellant's reply brief that the trial court was obliged to make a determination as to whether the prior conviction qualified as a strike under current law. Defendant concludes that, "[a]ccordingly, at the time of appellant's full resentencing hearing, appellant was entitled to a determination of the applicability of his 'strike' conviction under *Gallardo*." But defendant did not request a ruling on the issue during the January 2024 hearing, and therefore forfeited the issue.

And even assuming, without concluding, the September 23, 2023, hearing was part of the "resentencing hearing," the trial court indicated that it was of the view that, consistent with this court's previous holdings, the prior qualified as a strike. For these reasons, the trial court did not find, to the contrary, that the prior did not qualify as a strike. Defendant could have requested the court to make an express ruling on whether

---

[7] "Proposition 47: (1) added chapter 33 to the Government Code (§ 7599 et seq.), (2) added sections 459.5, 490.2, and 1170.18 to the Penal Code, and (3) amended Penal Code sections 473, 476a, 496, and 666 and Health and Safety Code sections 11350, 11357, and 11377. (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, §§ 4-14, pp. 70-74.)" (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.)

13

the prior qualified as a strike, but chose not to, likely assuming the trial court would find that the prior qualified as a strike.

Defendant further argues that his prior does not qualify as a strike prior because the record of conviction does not support such a finding, and failed to do so. But during a bifurcated evidentiary trial on the strike prior, the trial court found the prior qualified as a strike prior and the judgment was affirmed. Therefore defendant's direct attack upon the strike prior and insistence on relitigating the strike prior during another resentencing is prohibited. (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947 (*Farfan*) [resentencing under a section 1170.95 petition "does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings."]; *People v. Senior*, *supra*, 33 Cal.App.4th at p. 535 ["California law prohibits a direct attack upon a conviction in a second appeal after a limited remand for resentencing."]; *People v. Webb* (1986) 186 Cal.App.3d 401, 410 ["we specifically affirmed the judgment of conviction in the prior appeal and remanded only for resentencing. Defendant cannot now be permitted to make a direct attack upon his convictions."].)

Because California law prohibits a direct attack during another resentencing hearing upon the factual sufficiency of defendant's strike prior conviction, after an evidentiary court trial and findings affirmed by this court, we reject defendant's contention that this matter must be remanded to allow the trial court to relitigated defendant's strike prior.

IV.

DENIAL OF *ROMERO* MOTION

Defendant contends the trial court abused its discretion by denying his *Romero* motion to strike his 1992 prior conviction. We disagree,

A. *Procedural Background*

During the resentencing hearing on January 12, 2024, the trial court stated that the only two sentencing issues raised were whether the trial court should strike the prior (defendant's *Romero* motion) and whether the court should strike the principal arming enhancement (§ 12022.5, subd. (c)).

In response, defendant argued his *Romero* motion should be granted in the interest of justice because (1) he was over 54 years old, (2) he had not committed any new offenses since he had been in state prison, and (3) he had been in prison for many years (27 years). In addition, defendant was 26 years old when he committed the charged crimes, was 23 when he committed the prior, was ineligible for youth offender parole, and was not the actual shooter in the charged murder offenses.

Defendant explained that the fact that he was not the actual shooter in the charged offense supported striking his prior because it showed he was less culpable than Blackburn. Defendant further argued that the court could also consider his post-offense rehabilitation while in prison for decades, in which he did relatively well complying with the prison rules and regulations, and had not committed any new offenses. Defendant

asserted that for these same reasons, the court should also strike his firearm enhancement (§ 12022.5, subd. (c)) under Senate Bill No. 620.

The People objected to the trial court striking the prior and the firearm enhancement, noting that defendant's current conviction was for a double homicide, which was motivated by racial animus, and defendant had encouraged Blackburn to shoot the two victims. In addition, defendant's prison records showed that while in prison, he had 10 rule violations. Two shanks were found in his cell, although he denied they were his, and he was cited for disobedience with the potential for violence. In 2023, he had three separate violations for refusing to accept prison housing. The People argued that defendant's prison history showed that he did not follow the prison rules. The People therefore asserted that defendant's original sentence should stay the same. The People added that in 2006, defendant smuggled drugs into the prison.

Defendant responded that he did not commit any violence or any crimes while in prison. He claimed that most of his violations were technical rule violations and that he, for the most part, complied with the prison rules. Therefore defendant requested the trial court to grant his *Romero* motion in the interest of justice.

After hearing argument and considering defendant's records, the trial court denied defendant's *Romero* motion to strike his prior, and sentenced him to 60 years to life, for the two counts of second degree murder, with consecutive sentences of 15 year to life, doubled because of the strike prior. However, in the exercise of discretion, the trial court struck defendant's armed enhancement (§ 12022, subd. (a)(1)) as to both murder counts.

B. *Applicable Law*

In *Romero*, the California Supreme Court held that "a trial court may strike or vacate an allegation or finding under the Three Strikes law that a defendant has previously been convicted of a serious and/or violent felony, on its own motion, 'in furtherance of justice' pursuant to . . . section 1385(a)." (*People v. Williams* (1998) 17 Cal.4th 148, 158.) When ruling on whether to strike or vacate a prior serious and or violent felony conviction allegation or finding under the Three Strikes law, the court must consider whether, in light of the nature and circumstances of the defendant's present felonies and prior serious and/or violent felony convictions, and the particulars of his or her "background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams*, *supra*, 17 Cal.4th at p. 161.)

"[A] court's failure to dismiss or strike a prior conviction allegation is subject to review under the deferential abuse of discretion standard." (*People v. Carmony* (2004) 33 Cal.4th 367, 374.) "In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, '"[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review."' [Citations.] Second, a '"decision will not be reversed

merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.'"" [Citations.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id*. at pp. 376-377.)

"It is not enough to show that reasonable people might disagree about whether to strike one or more" prior conviction allegations. (*People v. Myers* (1999) 69 Cal.App.4th 305, 310; *People v. Carmony*, *supra*, 33 Cal.4th at p. 378.) "Where the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance" (*Myers*, *supra*, at p. 310; *Carmony*, *supra*, at p. 378.) The circumstances "must be 'extraordinary . . . by which a career criminal can be deemed to fall outside the spirit of" the Three strikes scheme. (*Carmony*, *supra*, at p. 378.)

C. *Analysis*

This case is far from extraordinary. Defendant argues his *Romero* motion to strike his strike prior should have been granted under subdivision (c) of section 1385, effective January 1, 2022 (Senate Bill No. 81 (2021-2022) Reg. Sess.). He argues that section 1385, subdivision (c) applies to strike priors, as well as enhancements, and therefore the trial court should have stricken his prior under mitigating factors C, G, and H,

enumerated in section 1385, subdivision (c)(2).[8] Defendant further asserts that the record reveals that the trial court did not place great weight upon any of the mitigating factors. Therefore, the case should be remanded for resentencing, to allow the trial court to reconsider and properly weigh the mitigating factors supporting striking defendant's prior under section 1385, subdivision (c).

We disagree. Section 1385, subdivision (c)(2) does not apply. This is because section 1385, subdivision (c) is clear in limiting its application to "enhancements." Sentencing under the Three Strike law is not an enhancement. The Three Strike law is an alternative sentencing scheme for the current offense rather than an enhancement. (*People v. Burke* (2023) 89 Cal.App.5th 237, 243-244; *People v. Olay* (2023) 98 Cal.App.5th 60, 64-67; *People v. Jones* (2009) 47 Cal.4th 566, 577, fn. 5.)

---

[8] Section 1385, subdivision (c) states in relevant part: [¶] (1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute. [¶] (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others. . . . [¶] . . . [¶] . . . [¶] . . . [¶] (C) The application of an enhancement could result in a sentence of over 20 years. In this instance, the enhancement shall be dismissed. [¶] . . . [¶] . . . [¶] . . . [¶] (G) The defendant was a juvenile when they committed the current offense or any prior offenses, including criminal convictions and juvenile adjudications, that trigger the enhancement or enhancements applied in the current case. . . . [¶] (H) The enhancement is based on a prior conviction that is over five years old."

As the court explained in *People v. Burke*, *supra*, 89 Cal.App.5th at pages 243-244, "Subdivision (c) of section 1385 expressly applies to the dismissal of an 'enhancement.' (§ 1385, subd. (c)(1).) 'Ordinarily words used in a statute are presumed to be used in accordance with their established legal or technical meaning.' [Citation.] The term 'enhancement' has a well-established technical meaning in California law. (*Romero*, *supra*, 13 Cal.4th at pp. 526-527.) 'A sentence enhancement is "an additional term of imprisonment added to the base term."' [Citations.] It is equally well established that the Three Strikes law is not an enhancement; it is an alternative sentencing scheme for the current offense. (*Romero*, at p. 527; *People v. Williams* (2014) 227 Cal.App.4th 733, 744.) We presume the Legislature was aware of, and acquiesced in, both this established judicial definition of enhancement and the distinction between an enhancement and an alternative sentencing scheme such as the Three Strikes law. [Citation.] The Legislature did not otherwise define the word 'enhancement' in section 1385. Because the statutory language is clear and unambiguous, we follow its plain meaning and do not consider the legislative history cited by defendant.[9] [Citation.] The plain language of subdivision (c) of section 1385 applies only to an 'enhancement,' and the Three Strikes law is not an enhancement. We therefore conclude that section 1385,

---

[9] The court in *Burke* notes in a footnote that "We recognize much of the legislative history is inconsistent with this plain language and suggests that the term enhancement includes the Three Strikes law. . . . To the extent this history reflects a legislative intent different than that expressed in the plain language of the bill, that is a matter for the Legislature to correct.

subdivision (c)'s provisions regarding enhancements do not apply to the Three Strikes law."

Defendant argues that, nevertheless, the trial court failed to exercise properly its discretion when considering whether to strike his prior, because the trial court did not consider recent changes in the law as to young adult offenders who are 25 years old or younger. Defendant also argues the trial court did not consider the nature and circumstances of his prior, or the extent of his individual culpability, length of time he was incarcerated, his rehabilitation while in prison, his current age, or his serious medical condition. We disagree.

The record does not show this. It shows the trial court considered both mitigating and aggravating factors. Mitigating factors included defendant's age when he committed the prior (23 years old) and charged crimes (26 years old), his current age at the time of the *Romero* hearing (55 years old), and his lengthy incarceration. Aggravating factors included the nature of defendant's charged offenses of multiple murders and prior conviction for shooting at an occupied vehicle, defendant's direct involvement in the charged crimes by being present, encouraging Blackburn to shoot the two teenage boys based on racial animus, and driving the getaway vehicle. The trial court also indicated during the sentencing hearing that it considered defendant's conduct while in prison, reflected in his prison records, which showed that defendant committed several prison rule violations, including possessing a deadly weapon and controlled substances while in

21

prison. The trial court found that these rule violations showed that defendant had a propensity not to follow rules.

The record on appeal shows that the court listened to oral argument, in which the parties discussed factors and evidence in favor of and against granting defendant's *Romero* motion, including the nature and circumstances of defendant's past and present offenses, and defendant's background, character, and prospects. The trial court then stated that it had "consider[ed] everything that was submitted. Given the circumstances of the case, reading the defendant's criminal history, the strike is appropriate in this case." It must further be assumed the trial court was aware of any applicable changes in the law regarding youthful offenders, and the trial court followed such law in the instant case by considering all relevant factors and current applicable law. (*People v. Lucas* (2014) 60 Cal.4th 153, 331["[I]n the absence of any contrary indication in the record, we 'assume the court followed established law.'"].)

We therefore conclude the trial court reasonably found defendant outside the Three Strikes scheme's spirit, and that defendant should not be treated as though he had not previously been convicted of his prior strike conviction. (*People v. Williams*, *supra*, 17 Cal.4th at p. 161; *People v. Finney* (2012) 204 Cal.App.4th 1034, 1039-1040.)

V.

SECTION 1172.6 RESENTENCING PETITION

Defendant contends the trial court erred in dismissing his second resentencing petition during the resentencing hearing on January 12, 2024, on the ground the issue was

previously decided. Defendant argues the doctrine of issue preclusion, also known as collateral estoppel, does not apply because his second resentencing petition was based on new legal authority enacted after dismissal of his first resentencing petition. We disagree. We conclude defendant's second resentencing petition is barred under the doctrine of issue preclusion.

A. *Procedural Background*

Defendant filed his first resentencing petition in January 2019, under section 1170.95 (now § 1172.6). During the hearing on the petition, the prosecutor argued defendant was prosecuted as a direct aider and abettor of two murders. CALCRIM No. 3.01 was given to the jury on that murder theory. In October 2019, the trial court denied the petition, noting that CALJIC No. 3.01 was given to the jury instructing the jury on aiding and abetting, and that no instructions were given on natural and probable consequences or felony murder. (*People v. Jackson*, *supra*, E073934.)

In October 2020, this court affirmed the trial court ruling denying the first resentencing petition, noting that "Jackson's record of conviction shows that he was prosecuted as a direct aider and abettor under an express or implied malice theory, and not based on the natural and probable consequences or felony-murder theory." (*People v. Jackson*, *supra*, E073934.) This court added that there was substantial evidence to support the jury's finding that defendant directly aided and abetted the co-defendant in the commission of the murders. (*Ibid*.)

Defendant thereafter filed his second resentencing petition in July 2022, which was a form petition requesting resentencing under amended section 1170.95 (renumbered § 1172.6). Defendant alleged in his petition that he could not be convicted of murder because of changes made to the murder statutes, sections 188 and 189, effective January 1, 2019. On January 12, 2024, after completing resentencing on other sentencing issues, the trial court noted that the second resentencing petition had not yet been decided, and defendant requested it be decided at that time. The trial court denied the request, concluding it had to be decided by the previous judge in the case.

The prosecutor interjected that in *People v. Jackson*, *supra*, E073934, this court affirmed the trial court's ruling denying defendant's first resentencing petition. We stated in that opinion that the trial court "concluded that based upon review of the entire record, section 1170.95 does not apply to Jackson's convictions, and issued a written ruling denying Jackson's petition. In its written ruling, the court noted CALJIC No. 3.01 was given to the jury, instructing the jury on aiding and abetting, and that this court stated in its opinion that Jackson's jury was not instructed on the "' natural and probable consequences'" doctrine and there was no mention 'at all in the opinion of any type of felony-murder theory being involved in the case.'" (*People v. Jackson*, *supra*, E073934.)

The prosecutor explained that the Supreme Court granted review of *Jackson* on January 27, 2021, while *People v. Lewis* (2021) 11 Cal.5th 952, 970 (*Lewis*) was pending before the Supreme Court on the following issues: "(1) May superior courts consider the record of conviction in determining whether a defendant has made a prima facie showing

of eligibility for relief under Penal Code section 1170.95? (2) When does the right to appointed counsel arise under Penal Code section 1170.95, subdivision (c)." (*People v. Lewis* (2020) 460 Cal.Rptr.3d 153 [460 P.3d 262], review granted on specified issues Mar. 18, 2020, S260598.)  After the Supreme Court decided *Lewis*, *supra*, 11 Cal.5th 952, the Supreme Court dismissed review of *Jackson* and issued a remittitur, remanding it back to this court on October 27, 2021, wherein our decision affirming the trial court order denying defendant's first resentencing petition became final.

The trial court therefore dismissed defendant's second resentencing petition during the sentencing hearing on January 12, 2024, because defendant's request for resentencing raised in his second petition had already been heard and denied in his first resentencing petition.  Defendant appeals, arguing that the second resentencing petition was brought under new law that became effective after dismissal of the first resentencing petition.

B. *Applicable Law*

1.  Petition for Resentencing Under Sections 1170.95, Renumbered 1172.6

"In order to ensure that a person's sentence is commensurate with his or her criminal culpability [citation], the Legislature substantively amended sections 188 and 189, and added section 1170.95 [citation].  Section 1170.95 affords persons previously convicted of murder under a felony murder or natural and probable consequences theory a procedure by which to seek resentencing if they could no longer be convicted under the law as amended.  [Citations.]" (*Farfan*, *supra*, 71 Cal.App.5th at p. 952; see also Senate Bill No. 1437.)

In Senate Bill No. 1437, the Legislature "also created a special procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended. [Citations.] Under newly enacted section 1172.6, the process begins with the filing of a petition containing a declaration that all requirements for eligibility are met [citation], including that '[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to . . . [s]ection 188 or 189 made effective January 1, 2019,' the effective date of Senate Bill [No.] 1437 [citation]." (*People v. Strong* (2022) 13 Cal.5th 698, 708, fn. omitted (*Strong*).) Effective January 1, 2022, Senate Bill No. 775 (2021-2022 Reg. Sess.) "'[c]larifie[d] that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories.'" (*People v. Birdsall* (2022) 77 Cal.App.5th 859, 865, fn. 18; *People v. Vizcarra* (2022) 84 Cal.App.5th 377, 388.)[10]

Pursuant to section 1172.6,[11] in the context of a guilty plea, "a petitioner convicted of murder is ineligible for resentencing if the record establishes, as a matter of law, that (1) the complaint, information, or indictment did not allow the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences

---

[10] Senate Bill No. 775 also made substantive amendments to section 1172.6 that were consistent with *Lewis*, but the amendments are not relevant here.

[11] Senate Bill No. 775 amended section 1170.95 in 2021 (effective January 1, 2022). Assembly Bill No. 200 renumbered section 1170.95 as section 1172.6 in 2022 (effective June 30. 2022).

doctrine, or another theory of imputed malice; (2) the petitioner was not convicted under such theory; *or* (3) the petitioner could presently be convicted of murder or attempted murder under the law as amended by Senate Bill No. 1437 . . . ." (*People v. Flores* (2022) 76 Cal.App.5th 974, 987.)

If the section 1172.6 petition for resentencing contains all the required information, including a declaration by the petitioner that he or she is eligible for relief based on the requirements of subdivision (a), the court must appoint counsel to represent the petitioner upon his or her request. (§ 1172.6, subd. (b)(3); *Lewis*, *supra*, 11 Cal.5th at p. 970.) The court also must direct the prosecutor to file a response to the petition and permit the petitioner to file a reply within 30 days after the prosecutor's response is filed, and then the court must "hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1172.6, subd. (c).)

Once the court determines that a defendant has made a prima facie showing, it "must [then] hold an evidentiary hearing at which the prosecution bears the burden of proving, 'beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder' under state law as amended by Senate Bill [No.] 1437. [Citation.] 'A finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.' [Citation.] 'If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining

charges.'" (*Strong*, *supra*, 13 Cal.5th at p. 709; see also *People v. Patton* (2025) 17 Cal.5th 549, 602; *Lewis*, *supra*, 11 Cal.5th at p. 960.)

We independently review de novo the trial court's determination that the petitioner failed to make a prima facie showing for relief. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52; *People v. Eynon* (2021) 68 Cal.App.5th 967, 975.) A denial at the prima facie stage is appropriate only if the record of conviction demonstrates that the petitioner is ineligible for relief as a matter of law. (*Lewis*, *supra*, 11 Cal.5th at p. 960.)

We need not reach the merits of the second resentencing petition because it is barred by the doctrine of issue preclusion, as discussed below.

### 2. Issue Preclusion

"In general, whether a prior finding will be given conclusive effect in a later proceeding is governed by the doctrine of issue preclusion, also known as collateral estoppel." (*Strong*, *supra*, 13 Cal.5th at p. 715.) "The doctrine of collateral estoppel, or issue preclusion,[] is firmly embedded in both federal and California common law. It is grounded on the premise that 'once an issue has been resolved in a prior proceeding, there is no further factfinding function to be performed.' [Citation.] 'Collateral estoppel . . . has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation.'" (*Murray v. Alaska Airlines, Inc.* (2010) 50 Cal.4th 860, 864, fn. omitted; see also *People v. Curiel* (2023) 15 Cal.5th 433, 451 (*Curiel*).)

28

"As traditionally understood and applied, issue preclusion bars relitigation of issues earlier decided 'only if several threshold requirements are fulfilled. First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.'" (*Strong*, *supra*, 13 Cal.5th at p. 716; see also *Curiel*, *supra*, 15 Cal.5th at pp. 451-452; *People v. Barragan* (2004) 32 Cal.4th 236, 253.) "'The party asserting collateral estoppel bears the burden of establishing these requirements.'" (*Curiel*, *supra*, 15 Cal.5th at p. 452, quoting *Lucido v. Superior Court* (1990) 51 Cal.3d 335, 341.)

C. *Analysis*

All of the threshold issue preclusion requirements have been met here. First, the issue raised in the first resentencing petition is identical to the issue raised in the second resentencing petition. In both petitions, the issue was whether defendant qualified for resentencing under section 1172.6.

The second element has also been met. The issue raised in the second resentencing petition has already been litigated in the former proceeding. The second element of issue preclusion "requires only '"the *opportunity to litigate* . . . not whether the litigant availed himself or herself of the opportunity."'" (*Murray v. Alaska Airlines,*

29

*Inc.*, *supra*, 50 Cal.4th at p. 869; accord, *Curiel*, *supra*, 15 Cal.5th at p. 452; *Peoplw v. Sims* (1982) 32 Cal.3d 468, 484 [a party's "failure to present evidence at the hearing did not preclude the . . . issue from being 'submitted' to and 'determined'" by the trier of fact].)

The third and fourth elements have also been met. The resentencing issue raised in the first resentencing petition has already been decided. The petition was denied and the ruling became final when we affirmed the trial court's order denying the first petition. (*People v. Jackson*, *supra*, E073934; *People v. Gentile* (2020) 10 Cal.5th 830, 858; *People v. Mazurette* (2001) 24 Cal.4th 789, 792.)

The fifth element has been met as well. Defendant is the party against whom preclusion was sought in this second resentencing petition matter, and also was a party in the first resentencing petition proceeding. Defendant was a litigant in both resentencing petition proceedings involving the same controversy, resentencing under section 1172.6.

Citing *Farfan*, *supra*, 71 Cal.App.5th 942, defendant argues his second resentencing petition filed in July 2022, nevertheless is not barred because it was brought under new legal authority. In *Farfan*, the respondent (the People) argued that the defendant's section 1170.95 petition filed in 2020, was procedurally barred as a successive petition. The *Farfan* court disagreed, explaining that, "In our view, application of collateral estoppel to bar consideration of appellant's 2020 petition would thwart Senate Bill No. 1437's overall purpose of ensuring that 'a person's sentence is commensurate with his or her individual criminal culpability' [citations], and that 'all

30

those entitled to resentencing are able to obtain relief' [citation]. This is especially true in this case, where the superior court never appointed counsel even though appellant filed two facially sufficient petitions." (*Farfan*, *supra*, at p. 950.)

The *Farfan* court noted that "Application of collateral estoppel is not automatic, but is subject to public policy considerations. [citation.] As our Supreme Court has explained, '[T]he public policies underlying collateral estoppel—preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation—strongly influence whether its application in a particular circumstance would be fair to the parties and constitutes sound judicial policy.' [Citation.]" (*Farfan*, *supra*, 71 Cal.App.5th at p. 950.)

The court in *Farfan* concluded that none of those public policy considerations favored application of collateral estoppel to bar the defendant's 2020 petition, because under recent legal authority requiring appointment of counsel, the trial court erred in not appointing counsel to assist the defendant upon filing his facially sufficient petition. (*Farfan*, *supra*, 71 Cal.App.5th at pp. 950, 953.) The court in *Farfan,* therefore, held that the defendant's second resentencing petition was not procedurally barred as a successive petition. (*Id*. at p. 951.) After the trial court's summary denial of the *Farfan* defendant's 2020 petition, our Supreme Court resolved a split of authority among the appellate courts, and held that a petitioner is entitled to appointed counsel, if requested, upon the filing of a facially sufficient petition. (*Lewis*, *supra*, 11 Cal.5th at p. 957.)

Here, the trial court appointed counsel upon defendant filing his first resentencing petition in 2019. His second resentencing petition was brought under amended section 1170.95 (Senate Bill No. 775), which did not change or create any new law or other legal authority material to the outcome of defendant's resentencing petition. *Farfan* thus is not on point.

Defendant argues that his second resentencing petition is based on new legal authority provided in *Curiel*, *supra*, 15 Cal.5th at page 462, which held that a resentencing petition under section 1172.6 "puts at issue all elements of the offense under a valid theory." Defendant asserts that this means a petitioner's allegation in his resentencing petition that he could not be currently convicted under current law is not refuted at the prima facie stage unless the record conclusively establishes every element of the offense. Defendant concludes that, based on this legal authority, his resentencing petition should not have been summarily denied because the jury was not instructed on natural-and-probable-consequences murder or felony-murder. This resulted in the jury being permitted to convict him of murder based on the theory of direct aiding and abetting, implied malice murder, without any jury instructions given on other possible theories of murder, such as natural-and-probable-consequences murder and felony-murder.

We disagree that *Curiel*, *supra*, 15 Cal.5th at page 462, provides new legal authority warranting disregarding the issue preclusion doctrine in this case, as to defendant's second resentencing petition.[12] *People v. Beaudreaux* (2024) 100 Cal.App.5th 1227 (*Beaudreaux*) is instructive here. The defendant in *Beaudreaux* filed two consecutive petitions for resentencing under section 1172.6 (formerly § 1170.95), both of which the trial court denied. The first resentencing petition was filed in 2019, and the second in 2020. During the hearing on the second petition, the trial court ruled that the order denying the first resentencing petition, which the court of appeal affirmed, barred relief on the second petition. (*Beaudreaux*, *supra*, at pp. 1231-1232.) The defendant appealed denial of the second petition, arguing that under *Farfan*, the court should apply an equitable exception to issue preclusion based on significant change in the law since factual findings were made during the trial court hearing on the first presentencing petition. (*Id*. at p. 1241.)

The *Beaudreaux* court rejected defendant's reliance on *Farfan* for the proposition that there was a change in law justifying applying an equitable exception to issue preclusion, and affirmed the trial court's dismissal of the second resentencing petition. (*Beaudreaux*, *supra*, 100 Cal.App.5th at pp. 1242, 1248.) The *Beaudreaux* court noted that "the *Strong* court made clear that not every change in the law will "'result in a manifestly inequitable administration of the laws'" that warrants a departure from the

_____

[12] We note defendant's second resentencing petition at issue here was filed in 2022, before *Curiel* was decided in 2023.

33

ordinary rule of issue preclusion." (*Beaudreaux*, *supra*, at p. 1243, quoting *Strong*, *supra*, 13 Cal.5th at p. 717.) *Beaudreaux* relied on the *Curiel* test of "whether there has been a change so significant that it would result in a different factual finding *on the issue claimed to be foreclosed* had the law as it exists today governed when the finding was made." (*Beaudreaux*, *supra*, at p. 1243, quoting *Curiel*, *supra*, 15 Cal.5th at p. 458.)

Here, as in *Beaudreaux*, defendant points to no significant change in the law which affected his eligibility for relief. The jury found defendant guilty based on findings that he committed murder as a direct aider and abettor of second degree implied malice murder (*People v. Jackson*, *supra*, E073934), which under current law remains a valid murder theory for second degree murder. Defendant, therefore, remains ineligible for section 1172.6 relief as a matter of law, and his second petition for resentencing is barred under the doctrine of issue preclusion.

Defendant further argues in his reply brief that *People v. Jimenez* (2024) 103 Cal.App.5th 994, 997, supports the proposition that the doctrine of issue preclusion does not bar his second resentencing petition. We disagree. *Jimenez* is distinguishable. In *Jimenez*, the defendant was a minor when he pleaded guilty to aiding and abetting second-degree murder and was sentenced to 15 years to life. The trial court denied the defendant's second resentencing petition at the prima facie stage on the ground that there was no legal basis to revisit ruling on the defendant's first resentencing petition. The defendant appealed, and the court in *Jimenez* held that issue preclusion did not bar the second petition. (*People v. Jimenez*, *supra*, at pp. 997-998.)

*Jimenez* is not on point because the doctrine of issue preclusion was applied based on a change in legal authority regarding defendants who are convicted of murder committed when they were minors. (*People v. Jimenez*, *supra*, 103 Cal.App.5th at p. 1008 ["All we are holding is that Jimenez is entitled to a new evidentiary hearing so that the trial court can consider and apply the rapidly developing case law on youth and brain development in determining whether he acted with malice."].) This change in legal authority regarding minors convicted of murder is inapplicable in the instant case. We conclude that, here, there was no significant change in legal authority affecting defendant's case after denial of his first resentencing petition. Therefore, defendant's second resentencing petition is barred under the doctrine of issue preclusion.

VI.

DISPOSITION

The post-judgment orders entered on January 12, 2024, are affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

MILLER
Acting P. J.

FIELDS
J.

35